**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGELO PABLO AYALO SEDANO,**<br>Petitioner,<br>v.<br>**MARKWAYNE MULLIN, et. al.,**<br>Respondent. | Civil Action No. 26-8557 (RK)<br>**ORDER** |

**KIRSCH, District Judge**

Before the Court is a Motion for Leave to Appear *Pro Hac Vice* by attorney Andrea C. Soto to represent Petitioner in this matter. ECF No. 5.

A motion for admission *pro hac vice* is governed by Local Rule 101.1(c), which provides, in relevant part:

> (1) Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. The motion shall contain a certified statement of the applicant disclosing each bar in which the applicant is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar; … The motion shall also contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction.
>
> (2) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment to the New Jersey Lawyers' Fund for Client Protection as provided by New Jersey Court Rule 1:28-2(a). This payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in the Court.
>
> (3) The order of the Court granting a motion to appear pro hac vice shall require the out-of-state attorney to make a payment of $250.00 on each admission payable to the Clerk, USDC.

> (4) If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his or her specially admitted associate of their receipt. Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. A lawyer admitted *pro hac vice* is deemed to have agreed to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

Here, Andrea C. Soto, Esq. – who is seeking admission *pro hac vice* – has submitted a motion through local counsel of record, Renee Hykel-Cuddy, that contains a certified statement that comports with Local Civil Rule 101.1(c). *See* ECF No. 5. Indeed, Ms. Soto affirms that she is admitted as a member of the bar of the State of New York; that she is a member in good standing; that is admitted to practice in the United States District Court for the Eastern District of New York (ECF No. 5-2); that no disciplinary proceedings are pending against her; that no discipline has been imposed on her; and that she shall make all the requisite payments as required by this Court's rules. ECF No. 5-1. Accordingly, Ms. Soto will be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

**IT IS** therefore on this 14th day of July 2026,

**ORDERED** that Andrea C. Soto, Esq., a member in good standing of the bar of the state of New York, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Renee Hykel-Cuddy, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the

case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; it is further

**ORDERED** that unless previously paid for in the current calendar year, Ms. Soto shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order, enclosing with payment a completed Form PHV-15, which can be found at njcourtsonline.com; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Ms. Soto shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this order; it is further

**ORDERED** that Ms. Soto shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civ. R. 103.1, Judicial Ethics and Professional Responsibility, and Local Rule 104.1, Discipline of Attorneys; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Ms. Soto shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; it is further

**ORDERED** that local counsel, Renee Hykel-Cuddy, may file a request, the form of which is available at the Court's website, with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail.

**HON. ROBERT KIRSCH**
United States District Judge

July 14, 2026